

# NUMBER 13-18-00173-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN DAVID GALINDO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 24th District Court
### of Calhoun County, Texas.

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant John David Galindo appeals from the revocation of his community supervision for possession of cocaine, a controlled substance, in an aggregate weight of one to four grams, a third-degree felony enhanced to a second-degree felony due to a prior felony conviction. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), .115(c)

(West, Westlaw through 2017 1st C.S.); TEX. PENAL CODE ANN. § 12.42(b) (West, Westlaw through 2017 1st C.S.). By one issue, appellant argues the trial court erred when it overruled his objection to part of a witness's testimony. We affirm.

## I. BACKGROUND

In 2015, appellant was indicted for possession of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c). Pursuant to a plea agreement, appellant pleaded guilty and received ten years of deferred adjudication community supervision.

In May of 2017, appellant was arrested for possession of a controlled substance and tampering with physical evidence. The State then filed a motion to adjudicate appellant's guilt and revoke his community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.751, 42A.755 (West, Westlaw through 2017 1st C.S.). The motion alleged eight violations of the terms and conditions of appellant's community supervision, and appellant pleaded "not true" to all eight. In addition to violations stemming from this most recent arrest, the State alleged appellant failed a drug test and failed to pay multiple fees related to his community supervision.

At the hearing on the State's motion, the State called three witnesses: appellant's community supervision officer and the two officers who took part in appellant's 2017 arrest. James Tolar, a corporal with the Calhoun County Sheriff's Office, testified about the traffic stop which resulted in appellant's arrest and explained appellant was the passenger in a vehicle he stopped. In the car, on the floor of the passenger side, Tolar found a white powdery substance later identified as cocaine. The same white powdery substance, Tolar testified, was found on both boots appellant was wearing. In regard to the tampering with physical evidence charge, the State asked Tolar what he thought

2

appellant was trying to do with cocaine on his boots, to which defense counsel objected on the basis that it called for speculation. The court implicitly overruled appellant's objection,[1] and Tolar testified that appellant was tampering with the cocaine in order to hide it from police.

The trial court found all eight alleged violations to be true, revoked appellant's community supervision, adjudicated him guilty, and sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review and Applicable Law

Appellate review of an order revoking community supervision is limited to abuse of the trial court's discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2009); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). Likewise, we review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)); *see Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006).

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the State's motion to revoke. *Rickels*, 202 S.W.3d at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). Preponderance of the evidence "means that greater weight of the credible evidence which would create a reasonable belief that the

---

[1] The trial court did not explicitly rule on appellant's objection but said to Corporal Tolar "you can answer it."

3

defendant violated a condition" of his community supervision. *Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.2d at 763–64. At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we must view the evidence in the light most favorable to the trial court's ruling. *See Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). When the State has failed to meet its burden of proof, the trial judge abuses his discretion in issuing an order to revoke community supervision. *Cardona*, 665 S.W.2d at 493–94.

One sufficient and unchallenged violation of the terms of a defendant's community supervision will support the trial court's order on appeal, and an appellate court need not address challenges to other grounds for revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *see Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978)). Thus, a trial court does not abuse its discretion if a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.); *see Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

If we find error regarding the admissibility of evidence, we will disregard the error as harmless if it was non-constitutional and did not affect appellant's substantial rights. *See* TEX. R. APP. P. 44.2(a), (b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2001). An erroneous evidentiary ruling is generally non-constitutional error. *See Potier*

4

*v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (en banc) ("Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense."); *see also Casey v. State*, 215 S.W.3d 870, 884–85 (Tex. Crim. App. 2007); *Jones v. State*, 119 S.W.3d 766, 776–77 (Tex. Crim. App. 2003) (en banc) (noting that the admission of defendant's confession was evidentiary error of constitutional nature because the confession was obtained without *Miranda* warnings in violation of the Fifth Amendment). An appellant's "substantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the [judge], or had but a slight effect.'" *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

## B.      Analysis

By his sole issue, appellant argues that the trial court erred in overruling his objection to Corporal Tolar's testimony on the basis that it called for speculation. We will assume, without deciding, that the trial court abused its discretion in overruling appellant's objection, and we will proceed to our analysis of whether appellant suffered any harm as a result.

Here, appellant complains of an alleged non-constitutional evidentiary error. *See Casey*, 215 S.W.3d at 884–85; *Potier*, 68 S.W.3d at, 663–64; *see also Jones*, 119 S.W.3d at 776–77. And appellant's evidentiary argument pertains to only one of the alleged violations of his community supervision—i.e., that he received a new criminal charge for tampering with physical evidence. Appellant does not address the trial court's finding of

5

true as to the allegations that he committed the offense of possession of a controlled substance, failed a drug test while on community supervision, and failed to pay multiple fees associated with his supervision. As noted earlier, Texas law is clear that one sufficient ground for revocation will support the trial court's order revoking community supervision. *Smith*, 286 S.W.3d at 342; *Sanchez*, 603 S.W.2d at 871.

At the hearing on the State's motion to revoke, the trial court heard testimony from appellant's community supervision officer about his failed drug test and about his failure to pay his monthly supervision fees, restitution fees, crime stoppers fees, and court costs. The trial court also heard testimony from two police officers about appellant's arrest for possession of a controlled substance. Viewing the evidence in the light most favorable to the trial court's ruling, we find that the trial court could have reasonably concluded that the State met its burden of proving by a preponderance of the evidence that appellant violated the terms and conditions of his community supervision, even disregarding the challenged testimony. *See Hacker*, 389 S.W.3d at 865; *Rickels*, 202 S.W.3d at 763–64; *Cardona*, 665 S.W.2d at 493. Thus, after examining the record as a whole, we have fair assurance that the error, if any, did not have a substantial and injurious effect or influence in determining the judge's verdict. *See Smith*, 286 S.W.3d at 342; *Casey*, 215 S.W.3d at 885; *Motilla*, 78 S.W.3d at 359–60. Accordingly, we conclude that any potential error in failing to prevent Corporate Tolar from testifying as to the tampering with evidence charge did not contribute to appellant's adjudication of guilt, and any such error was harmless. *See* TEX. R. APP. P. 44.2; *Smith*, 286 S.W.3d at 342; *Casey*, 215 S.W.3d at 884–85.

Finally, although appellant briefly mentions that the admission of Corporal Tolar's response resulted in the imposition of a longer sentence, appellant does not show or

6

otherwise discuss how that evidence affected the sentence handed down by the trial court. *See* TEX. R. APP. P. 38.1(i). In this regard, we note that appellant's offense for possession of a controlled substance was enhanced to a second-degree felony, which is punishable by confinement for a period between two and twenty years and/or a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (West, Westlaw through 2017 1st C.S.). Here, appellant was sentenced to ten years' confinement and no fine—a penalty far less than the maximum sentence permitted for such an offense. In addition, appellant did nothing in the trial court to preserve any error regarding the punishment assessed. *See* TEX. R. APP. P. 33.1.

Appellant's sole issue is overruled.

### III.   CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of August, 2018.